NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-1813
_____


TANYA PETEETE,
                    Appellant

v.

ASBURY PARK POLICE DEPARTMENT;
CITY OF ASBURY PARK; MONMOUTH COUNTY;
MONMOUTH COUNTY PROSECUTORS OFFICE;
MONMOUTH COUNTY SHERIFF'S OFFICE;
JOHN DOES 1-10; JANE DOES 1-10; JOHN DOES CORPORATION1-10;
CHIEF OF POLICE MARK KINMON; OFFICER JEFF WHITE;
OFFICER LORENZO PETTWAY; OFFICER NICHOLAS TOWNSEND;
OFFICER DANIEL KOWSALUK; SCOTT SAMIS; ALEX TORRES


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-01220)
District Judge:  Honorable Mary L. Cooper
_____

Argued on February 9, 2012

Before:  SLOVITER, VANASKIE, *Circuit Judges*, and
POLLAK,[*] *District Judge*

(Filed: May 1, 2012)

_____

---

[*]  The Honorable Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION
_____

SLOVITER, *Circuit Judge*.

Tanya Peteete brought suit alleging, inter alia, that Detective Scott Samis provided false testimony during grand jury proceedings, in violation of 42 U.S.C. § 1983. The District Court determined that Detective Samis is entitled to absolute immunity from liability under § 1983, and dismissed Peteete's claim. We will affirm.

**I.**

A police raid at the residence of Peteete and her husband Eugene in Asbury Park, New Jersey, was well underway when Peteete and her husband returned home from grocery shopping. The raid—conducted as a joint effort between the Asbury Park Police Department ("APPD") and the Monmouth County Sheriff's Office ("MCSO")—uncovered quantities of heroin and related paraphernalia. Peteete, who was not in possession of any contraband, and several others were arrested and charged with various drug offenses.

Following her arrest, Peteete was detained for six months at the county jail. During that time, a grand jury convened and heard testimony from the raid's lead investigator, Detective Samis, who at all relevant times was employed by the Monmouth County Prosecutor's Office ("MCPO"). Although the grand jury ultimately indicted Peteete, the pending drug charges were eventually dropped when she agreed to plead guilty to an unrelated charge of conspiracy to commit aggravated assault.

Thereafter, Peteete initiated this civil rights action, claiming, among other things: that she was arrested without probable cause; that Detective Samis' grand jury testimony was false; that her six-month detention amounted to false imprisonment; and that the whole ordeal caused her emotional distress. In Peteete's amended complaint, she named as defendants the City of Asbury Park ("the City"), the County of Monmouth ("the County"), the APPD and five of its officers (Police Chief Mark Kinmon, Sergeant Jeff White, Officer Lorenzo Pettway, Officer Nicholas Townsend, and Officer Daniel Kowsaluk), the MCSO and one of its officers (Officer Alex Torres), the MCPO, and Detective Samis.

The District Court granted the MCPO's motion to dismiss Peteete's complaint on Eleventh Amendment grounds, and it granted the joint motion for summary judgment of the County, the MCSO, Torres, and Pettway. The District Court granted Samis' motion to dismiss in part, and in particular with respect to "all claims insofar as they are based on . . . allegations that Samis falsely testified during the Grand Jury proceedings." The District Court later granted Samis' motion for summary judgment on those of Peteete's claims that survived the motion to dismiss. Peteete settled out of court with the remaining defendants (the APPD, the City, Kinmon, Kowsaluk, Townsend and White). She now appeals.[1]

## II.

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291.

Peteete's lone claim on appeal is that the District Court erred in finding Samis to be absolutely immune from § 1983 liability.[2] Peteete contends that Samis, if immune at all, is entitled only to qualified immunity. For that contention she relies principally on two cases: *Malley v. Briggs*, 475 U.S. 335 (1986) and *Kalina v. Fletcher*, 522 U.S. 118 (1997). We hold, however, that Peteete's argument fails in light of the Supreme Court's decision in *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012).

In *Rehberg*, the Supreme Court held that "grand jury witnesses should enjoy the same immunity as witnesses at trial." 132 S. Ct. at 1506. "This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Id.* The Court reasoned that there is no basis to distinguish between grand jury and trial witnesses because: (1) a witness' fear of retaliatory litigation may be present in both contexts; and (2) "in neither context is the deterrent of potential civil liability needed to prevent perjurious testimony." *Id.* at 1505.

*Rehberg* also rejects Peteete's attempted reliance on *Malley* and *Kalina*. Peteete argues that those cases demonstrate that there is no absolute immunity under § 1983 for "complaining witnesses"—like Detective Samis—who "'set the wheels of government in motion by instigating a legal action.'" *Wyatt v. Cole*, 504 U.S. 158, 164-65 (1992). However, the Court in *Rehberg* declared that "testifying, whether before a grand jury or at trial, was not the distinctive function performed by a complaining witness." 132 S. Ct. at 1507. Additionally, the Court held that because "a complaining witness cannot be held

---

[2] We review this claim *de novo*. *Yarris v. County of Delaware*, 465 F.3d 129, 134 (3d Cir. 2006).

liable for perjurious *trial* testimony," there is no reason "why a complaining witness should be subject to liability for testimony before a grand jury." *Id.* (emphasis in original). We therefore conclude that the District Court did not err by determining that Detective Samis is entitled to absolute immunity for his grand jury testimony.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.